## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 12-24380-CIV-COOKE/TORRES

DR. RENEE MOMON-UGWU,

      Plaintiff,

v.

ERICK K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CASE is before me on Defendant's Motion for Summary Judgment (ECF No. 27). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion for Summary Judgment is granted.

### I. Undisputed Factual Background

Plaintiff Dr. Renee Momom-Ugwu is currently employed as a Nutritional support pharmacist at the Miami VA. Plaintiff was supervised at various times by both Dennis Laveroni and Vivian Rios.

During the relevant time period, Plaintiff was subject to several disciplinary actions pursuant to the VA's progressive discipline policy. She received a three-day suspension on May 10, 2010 after accusing a fellow employee of "ratting on her." Plaintiff does not know of any other employee who has had similar conversations with co-workers and was not suspended for it. Plaintiff was also issued a five-day suspension on September 3, 2010 after losing a green book that she used to keep track of patients' medical information. The book included the last four digits of patients' social security numbers and access codes to the VA computers. The missing book came to the VA's attention when Plaintiff reported the book stolen. Plaintiff received the suspension because of the privacy issues concerning the information in the book. Finally, Plaintiff's third suspension occurred on April 13, 2011, due to an argument between her and a co- worker, Katy Zangenah. Both Plaintiff and Ms.

Zangenah were disciplined as a result. However, Ms. Zangenah did not have any prior discipline, so she received reprimand.

Plaintiff also applied for, but was not select for, the Pharmacy Clinical Coordinator Program Manager position. There were four applicants for the Pharmacy Clinical Coordinator Program Manager position. Claudia Lopez was selected because she was currently performing the same role at Mt. Sinai, another hospital.[1]

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., for alleged race discrimination and retaliation, based on both disparate treatment and hostile work environment theories.

## II. Standards of Law

Under the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] Although Plaintiff denies these facts in her Response to Defendant's Rule 56.1 Statement (ECF No. 34), she admits that she "has no exact knowledge of the exact number of applicants for the aforementioned position" and that she "could not know" whether Ms. Lopez was performing the same role at another hospital. (ECF No. 34, p. 8).

248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").  The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  An employer is entitled to summary judgment if "the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Ekokotu v. Fed. Exp. Corp., 408 F. App'x 331, 339 (11th Cir. 2011) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

### III. Analysis

Defendant, Eric Shinseki, Department of Veterans' Affairs ("VA") argues that summary judgment is required because Plaintiff has failed to establish her claims of race discrimination, hostile work environment, or retaliation.  I will address each argument in turn.

*A. Race Discrimination*

Plaintiff has not presented any direct evidence of discrimination. Absent such evidence, Plaintiff must initially establish a prima facie case by showing: 1) she was a member of a protected class, 2) she was qualified to do the job, 3) she was subjected to an adverse employment action, and 4) similarly situated employees outside of the protected class were treated differently. Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012).  Once Plaintiff makes a prima facie case, the burden of production shifts to the VA to articulate a legitimate, nondiscriminatory reason for its actions. Id. Once the VA identifies a legitimate, nondiscriminatory reason for its decision, the presumption of discrimination disappears, and the burden shifts back to Plaintiff "to demonstrate that the proffered reason was not the true reason for the employment decision." Plaintiff "cannot recast the reason but must meet it head on and rebut it." Plaintiff must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the VA's rationale. Id., 677 F.3d at 1055-56.

Plaintiff has not provided evidence of any similarly situated employees who received more favorable treatment. In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and disciplined in different ways. Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001). Plaintiff is required to show that she is similarly situated *in all relevant aspects* to the non-minority employee. Id. Here, only one of the many incidents identified by Plaintiff involve similar conduct by another employee.[2] However, Plaintiff is not similarly situated "in all relevant aspects" to Ms. Zangenah because, unlike Plaintiff, she had no previous discipline. Accord Jest v. Archbold Med. Ctr., Inc., 561 F. App'x 887, 889 (11th Cir. 2014) (finding co-workers not similarly situated where the plaintiff's disciplinary history is far more substantial than either of theirs); Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1318 (11th Cir. 2003) (affirming summary judgment because plaintiff's documented performance and tardiness problems were much worse than comparator's in both number and nature).

Plaintiff has also not met her burden of demonstrating that the VA's proffered reasons for its actions are pretext for discrimination. A reason is not pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006). In the context of Pharmacy Clinical Coordinator Program Manager position, plaintiff must show that the disparities between the successful applicant's and her own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006). In response to the VA's motion for summary judgment, Plaintiff's merely contends that the VA's reasons "are clearly in dispute." (ECF No. 35, p. 15). However, "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the

---

[2] Most of the incidents also do not constitute an adverse employment action. To prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001).

[person] who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." Springer v. Convergys Customer Mgmt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007). Plaintiff has not established that she was subject to discrimination based on her race, or that the VA's proffered reasons are pretextual.

*B. Retaliation*

Title VII prohibits an employer from retaliating against an employee because she "has opposed any practice made an unlawful employment practice by Title VII, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [thereunder]." 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). To establish a *prima facie* case of retaliation, Plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." Gupta v. Florida Bd. Of Regents, 212 F.3d 571, 587 (11th Cir. 2000). A plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer. Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534, 186 L. Ed. 2d 503 (2013).

The record reflects that Plaintiff filed seven EEO Complaints from 2000 to 2011. (ECF No. 27-6). The VA argues that there is no causal relationship between Plaintiff's protected activity and her first suspension in May 2010 because her most recent EEO claim had been concluded since 2008.  See Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) ("If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law"). In response, Plaintiff contends that a causal connection is established because "many of the incidents occurred while the EEOC charges were still pending." (ECF No. 18). As an initial matter, although Plaintiff describes a number of incidents that she contends are evidence of retaliation, only her suspensions constitute adverse employment actions. The remaining alleged acts of discrimination relied upon by Plaintiff do not constitute adverse employment actions for the purposes of making out her retaliation claim.  See Burlington Northern v. Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (holding that an adverse employment action for retaliation claims must be

"materially adverse" such that it would dissuade a reasonable worker from making or supporting a charge of discrimination). The record evidence establishes that this suspension was proposed on March 15, 2010 (ECF No. 27-1), while Plaintiff's initial contact with the VA's Office of Resolution Management was 2/12/2010 (ECF No. 36).   Making all inferences in favor of Plaintiff, it is possible that this initial contact could support the current claim for retaliation. However, Plaintiff has not presented evidence that her supervisors had knowledge of her complaint prior to initiating the suspension. A plaintiff establishing a causal relationship must provide sufficient evidence of ***knowledge*** of the protected expression ***and*** that there was a ***close temporal proximity*** between this awareness and the adverse action. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004). Moreover, as discussed above, Plaintiff has produced no record evidence to rebut the non-retaliatory reasons articulated by Defendant, as is required under the familiar McDonnell Douglas burden-shifting framework. Brown v. Alabama Dept. of Transportation, 597 F.3d 1160, 1174 (11th Cir. 2010) ("The McDonnell Douglas burden-shifting analysis applies in cases of retaliation relying on circumstantial evidence"). Plaintiff has failed to establish a claim for retaliation.

*C. Hostile Work Environment*

Plaintiff also alleges that the same acts which she relied upon as the basis of her disparate treatment and retaliation claims also form the basis for a claim of hostile work environment.  Plaintiff must establish a hostile work environment claim by showing that (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based upon on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. Smithers v. Wynne, 319 F. App'x 755, 758 (11th Cir. 2008). Only when the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the employment and create an abusive working environment," is the law violated. Barrow v. Georgia Pac. Corp., 144 F. App'x 54, 56 (11th Cir. 2005). Here, Plaintiff has failed to show any evidence in the record demonstrating that any of the alleged acts of discrimination were based on a protected characteristic, such as by pointing out conduct or comments that demeaned Plaintiff based on her race or protected

activity.   Furthermore, the acts alleged are simply not severe or pervasive enough to be viewed by a reasonable person as having altered the terms or conditions of her employment. Accordingly, I find that Plaintiff has failed to meet her burden of establishing a genuine issue of fact as to her claim of hostile work environment.

### IV.  Conclusion

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 27) is **GRANTED**. The Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Miami, Florida, this 9TH day of March 2015.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*